Scot J. Eliot, OSB 004275
scot@communitylawproject.org
Community Law Project
420 SW Washington St., Suite 400
Portland, OR 97204
Telephone: 503-208-4079
Facsimile: 503-662-7278
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

Sacha Gilbert,

Plaintiff,

vs.

Nuture Development LLC, Nurture 247
Limited Partnership, and American Man-
agement Services Northwest LLC dba Pin-
nacle, An American Management Services
Northwest Company,

Defendants.

Case No. : 3:16-cv-00465-AC

PLAINTIFF'S OBJECTIONS TO
FINDINGS AND RECOMMENDATION
DATE NOVEMBER 19, 2018.

I.    Judicial estoppel does not bar all claims against Nurture LLC and
      Pinnacle.

      a. Nurture Development LLC and Pinnacle are proper defendants

Prior to filing the present action, plaintiff filed a Chapter 13 bankruptcy in
which she listed a lawsuit against Nurture 247 for "fair housing" and "landlord-
tenant" claims. Declaration, ¶3-4. Defendants have argued and the Court proposes
to find that the failure to include Nurture Development LLC and Pinnacle mean
that plaintiff should be barred from seeking a recovery against those defendants.

First, this case is distinguishable from cases where a plaintiff completely omitted a potential lawsuit from bankruptcy paperwork. Plaintiff could not reasonably expect to hide this litigation from the bankruptcy court by omitting two defendants. Further, plaintiff did not sue the omitted defendants separately from the suit against Nurture 247.

The failure to name Nurture Development and Nurture LLC was based on inadvertence and mistake. Plaintiff had sought to determine who owned the Ramona Apartments and thought that entity would be the proper party to sue. It was only later, after this action was filed, that plaintiff was able to determine who the proper defendants were. Declaration, ¶8.

Plaintiff did not receive any advantage by omitting the two defendants. Plaintiff effectively disclosed the lawsuit by describing the claim against Nurture 247. Plaintiff then amended her bankruptcy paperwork to include all claims and all defendants on March 21, 2017, Declaration, ¶9. Plaintiff's case was subsequently dismissed on June 4, 2018 erasing any impact of omitting the two defendants. Declaration, ¶11.

b. Plaintiff's valuation of the lawsuit at $50,000 was made in good faith

Plaintiff described the claim as being worth $50,000 in her bankruptcy paperwork yet filed a lawsuit seeking $250,000. Plaintiff's bankruptcy paperwork was filed while she was still in possession of both apartments. At that time, her good faith assessment of the value of the claims was $50,000. Declaration, ¶5, ¶10.

c. Plaintiff should be allowed to explain her bankruptcy filing

The 9th Circuit's decision in *Dzakula v. McHugh* suggests that plaintiff should be given an opportunity to explain:

> Even after the district court entered its order, plaintiff did not seek reconsideration. Nor did she ever attempt to supplement the record with a declaration or any other evidence.

746 F.3d 399 (9th Cir. 2014). In the present case, plaintiff is offering a declaration to explain the discrepancy between her bankruptcy paperwork and the present case.

II.     Claim preclusion does not bar Gilbert's First and Tenth (reasonable accommodation) claims

In the state court FED action counterclaims were prohibited by ORS 105.132:

> 105.132 Assertion of counterclaim. No person named as a defendant in an action brought under ORS 105.105 to 105.168 may assert a counterclaim unless the right to do so is otherwise provided by statute.

Therefore, the claims that are asserted in this action could not have been asserted as counterclaims in the FED action. The question is what impact does their assertion as affirmative defenses have on the present action.

Plaintiff argues that the Court's recommendation is too sweeping. Plaintiff concedes that the FED operates as claim preclusion as to all issues that were necessarily decided in the FED action and that plaintiff may not relitigate possession of the first apartment. Of necessity, in the FED action reasonable accommodation issues were only considered to the extent that provided a defense to the landlord's claim for possession.

In the present case, plaintiff has fair housing reasonable accommodation claims that were not raised in the FED as a defense to possession. These claims should not be barred by claim preclusion.

For example, the FED court's finding that Defendants reasonably accommodated plaintiff with regard to the move is only relevant if successfully showing that they hadn't accommodated the move would have been a successful defense. If the conclusion was that plaintiff could not retain two apartments in any case, then the issue of reasonable accommodation in the move was not necessary to the FED decision and claim preclusion should not apply. Claim preclusion should

only apply to those issues in the FED trial which were decided and were necessary to deciding the issue of possession.

In *Schmidt v. Hart*, 237 Or App 412 (2010), the first action was an FED in which the landlord—which was a trust—prevailed. The tenant then sought to challenge the trustee's action of bringing the FED. The court held that since possession of the apartment was the only interest that the tenant had in the trust she could not relitigate the issue of possession. In the present case, plaintiff has interests protected by the fair housing law that are unrelated to possession of the first apartment. The FED trial judge's statement that the affirmative defenses were "without merit" could mean that they were not affirmative defenses to possession at all. In the present case, plaintiff does not seek to relitigate possession of the first apartment but rather has other fair housing issues which would not have been a defense to possession. The FED case should be claim preclusion *only* with regard to those issues which were *necessarily* decided. Of the four allegations of failure to accommodate listed in ¶16 of the complaint, only (2) relates directly to the issue of possession. Complaint, p. 5, ¶16. Even (2) is only relevant if failure to accommodate the move would have been a valid defense to possession.

III.     Conclusion

Plaintiff asks the Court to find that no claims against Nurture Development or Pinnacle are barred by judicial estoppel. Further, plaintiff asks the Court to find that plaintiff's claims against all defendant's for fair housing violations are not barred by claim preclusion.

Dated: December 6, 2018

/s/ Scot J. Eliot
Scot J. Eliot, OSB 004275
Attorney for Plaintiff Sacha Gilbert