**Ryan J. McLellan, OSB No. 023908**
rmclellan@smithfreed.com
**Sean K. Conner, OSB No. 132518**
sconner@smithfreed.com
Smith Freed Eberhard P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, Oregon 97204
Telephone:    503-227-2424
Facsimile:    503-227-2535

Of Attorneys for Defendants Nurture Development, LLC,
Nurture 247 Limited Partnership, and American
Management Services Northwest LLC dba
Pinnacle, An American Management Services
Northwest Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SACHA GILBERT,<br><br>                     Plaintiff,<br><br>vs.<br><br>NURTURE DEVELOPMENT, LLC,<br>NURTURE 247 LIMITED PARTNERSHIP, and<br>AMERICAN MANAGEMENT SERVICES<br>NORTHWEST, LLC dba PINNACLE, AN<br>AMERICAN MANAGEMENT SERVICES<br>NORTHWEST COMPANY,<br><br>                     Defendants. | Case No.  3:16-cv-00465-AC<br><br><br>DEFENDANTS' RESPONSE TO<br>PLAINTIFF'S OBJECTION  TO FINDINGS<br>AND RECOMMENDATIONS |

## LOCAL RULE 7-2 CERTIFICATION

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3,295 words, including headings, footnotes, and quotations,

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION  TO FINDINGS AND
RECOMMENDATIONS — Page 1

but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## RESPONSE

### I.    Factual Background

This suit arises out of a longstanding landlord tenant dispute between Plaintiff Sac a Gilbert and the owners/managers of the Ramona Apartment Building ("the Ramona") located in the Pearl District of downtown Portland.    The building is owned by Defendant Nurture 247 Limited Partnership, who operates under the assumed business name "Ramona Apartments." Declaration of Sean K. Conner In Support of Defendants' FRCP 11 Motion and Motion for Sanctions (hereinafter "Conner Dec."), Exhibit 2.    Defendant Nurture Development, LLC is the general partner of Nurture 247. Conner Dec., Exhibit 3. The building is managed by American Management Services Northwest, LLC dba Pinnacle, An American Management Services Northwest Company (hereinafter "Pinnacle").   Conner Dec., Exhibit 9.

Plaintiff alleged ten claims for relief against Defendants, collectively.    Defendants filed Motions for Summary Judgment as to nine of Plaintiff's ten claims for relief. (Defendants' Motion for Summary Judgment, ECF No. 35).    Defendants prevailed on eight of those claims and, specifically, prevailed on its argument that the claims against Defendants Nurture Development, LLC and Pinnacle are barred by the application of judicial estoppel due to Plaintiff's failure to disclose such claims on filings related to a January 7, 2016 bankruptcy. (Findings and Recommendations, ECF No. 58).    Plaintiff subsequently objected to the Findings and Recommendations and submitted a declaration in support of her objections. (ECF Nos. 60, 61).

Plaintiff's Objection, and Plaintiff's Declaration on which it relies, contains numerous false and misleading statements.   In Plaintiff's Declaration, Plaintiff states, under penalty of perjury, that, "It was not until after this case was filed and some back and forth with defense counsel that [she] felt like she knew who the proper defendants were." (Plaintiff's Declaration, ¶ 8, ECF no. 61). She further declares that she did not include Nurture LLC and Pinnacle on bankruptcy filings

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS — Page 2

SMITH FREED EBERHARD P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, Oregon  97204
P (503) 227-2424
F (503) 227-2535

because she "was just trying not to name the wrong defendants" and that "[i]f [she] had known who the other defendants were, [she] would have named them in [her] bankruptcy filing." (*Id.* at ¶¶ 10, 13). She concludes that, "[she] was confused by the fact that when [her] landlord sued [her for possession of the premises] they just used "Ramona Apartments" but [she] was supposed to be able to know who the real parties were." (*Id.* at ¶ 13).

An examination of the history between Plaintiff, her counsel, and Defendants is necessary to understand the nature of these false and misleading statements.

Plaintiff began living in at the Ramona in April of 2011. (Amended Declaration of Sean K. Conner in Support of Defendants' Motion for Summary Judgment, Exhibit 7, ECF No., 44). Pinnacle's name and trademark are prominent and clearly visible of Plaintiff's lease. (*Id.*). Pinnacle's name and trademark are also prominently and clearly visible on Plaintiff's subsequent lease dated June 11, 2015 and on numerous documents executed by Plaintiff just over two weeks prior to her bankruptcy filing. (Conner Dec., Exhibit 11).

From the date she moved into the Ramona through June 26, 2015 – six months prior to Plaintiff's bankruptcy filing – the Ramona filed seven Residential Eviction Complaints against Plaintiff. (Conner Dec., ¶ 6, Exhibit 4). Each of these Complaints listed the plaintiff as "Ramona Apartments." (Conner Dec., Exhibit 4, 5, 6, 7).

Even though each of the FED suits was brought by Defendants under the name "Ramona Apartments," on March 13, 2015, Plaintiff filed a *pro se* lawsuit against Defendants in Multnomah County Circuit Court and correctly named both Nurture Development, LLC and Pinnacle as defendants. (Conner Dec., Exhibit 8). As part of this suit, a representative of Pinnacle executed a declaration stating that Pinnacle operated as the manager of the Ramona. (Conner Dec., Exhibit 9). Both Nurture Development, LLC and Pinnacle are referenced on the release and settlement agreement related to that case. (Conner Dec., Exhibit 10). Other than the present action, plaintiff has filed no other personal injury or tort actions against Defendants. (Conner Dec., Exhibit 4).

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS — Page 3

SMITH FREED EBERHARD P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, Oregon 97204
P (503) 227-2424
F (503) 227-2535

Although she filed the March 12, 2015 suit *pro se*, Plaintiff was, nevertheless, assisted in some fashion with the suit by her present counsel, Scot Eliot. (Conner Dec., Exhibit 1, 22:5 – 12 (stating that a lawyer-client relationship was established between Plaintiff and Mr. Eliot in relation to the prior personal injury suit)). In addition, Mr. Eliot was also Plaintiff's care giver and romantic partner at the time. (Amended Declaration of Sean K. Conner in Support of Defendants' Motion for Summary Judgment, Exhibit 2, 3:13 – 24, ECF No., 44)). Mr. Eliot also filed the present action naming the present defendants on March 17, 2016. (Complaint, ECF No. 1).

## II.    Judicial Estoppel Applies and Plaintiff and Her Counsel Misrepresent Plaintiff's Knowledge of the Identity of Defendant Nurture Development LLC and Pinnacle.

Plaintiff attempts to further undermine the integrity of the Courts by submitting a false and misleading declaration. The facts are clear that Plaintiff knew of the identity of Defendants Nurture Development, LLC and Pinnacle prior to her January 2016 bankruptcy filing. Judicial estoppel applies.

Plaintiff's Declaration contains numerous false and misleading statements. As noted above, Plaintiff declares under the penalty of perjury that she did not include Defendant Nurture LLC and Pinnacle on bankruptcy filings because she did not know who the proper defendants were and because she was confused given that Defendant initiated the eviction suits using its assumed business name. (Plaintiff's Declaration, ¶ 8, 10, 13, ECF no. 61). In Plaintiff's Declaration, Plaintiff even states that, "if [she] known who the other Defendants were, [she] would have included them." (*Id.* at ¶ 13). Mr. Eliot relied on and cited Plaintiff's Declaration in Plaintiff's Objection. (Plaintiff's Objection, p. 1 – 3, ECF No. 60).

However, the documentary record is very clear that, not only was the identity of the Defendants easily attainable, Plaintiff was, in fact, well aware of the identity of all of the Defendants in this case at the time of her bankruptcy filing. First, Pinnacle appears on Plaintiff's lease and numerous documents related to her lease. (Conner Dec., Exhibit 11). Plaintiff executed

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS — Page 4

some of these documents just over two weeks prior to making her bankruptcy filing. (*Id.*). For this reason alone, Plaintiff cannot credibly claim she did not know that Pinnacle was a proper party.

More importantly, Plaintiff – while acting *pro se* – initiated a lawsuit against each of the Defendants named in this suit **months** before she filed her January 2016 bankruptcy case. (Conner Dec., Exhibit 8). During that litigation, Defendant Pinnacle even filed a declaration indicating that it was the property manager for the Ramona. (Conner Dec., Exhibit 9). The parties eventually settled that claim and each of the Defendants in the present case were referenced in the release. (Conner Dec., Exhibit 10). As part of the release, Plaintiff herself represented that she "carefully read and understood" the document. (*Id.*).

Plaintiff attempts to mislead the Court by feigning ignorance and claiming confusion as to the identity of Nurture Development, LLC and Pinnacle. She claims that, because the Residential Eviction Complaint filed in June 2015 and pending at the time of her bankruptcy filing in January 2016 was filed under the assumed business name "Ramona Apartments," she could not have known who the real parties were. (Plaintiff's Declaration, ¶ 8, 10, 13, ECF no. 61). Plaintiff's declaration, however, fails to mention that Defendants had filed six Residential Eviction Complaints under the name "Ramona Apartments" before Plaintiff filed the March 2015 lawsuit in which she named both Nurture Development, LLC and Pinnacle as defendants. (Conner Dec., ¶ 6, Exhibits 4, 5, 6, 7).

Plaintiff cannot credibly claim that she was confused as to the identity of Nurture Development, LLC or Pinnacle. Despite the use of the assumed business name in relation to the FED actions, Plaintiff had no trouble identifying and naming both Nurture Development, LLC and Pinnacle for purposes of her March 2015 tort claim. (Conner Dec., Exhibit 8). Similarly, she should have had no trouble doing so for her bankruptcy claim. She simply did not do it. Judicial estoppel, therefore, is appropriate.

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS — Page 5

SMITH FREED EBERHARD P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, Oregon 97204
P (503) 227-2424
F (503) 227-2535

What is more, Plaintiff's Objection, prepared and submitted by Mr. Eliot, relies on the false and misleading statements contained within Plaintiff's Declaration and Mr. Eliot knew, or should have known after even a cursory inquiry, that those statements were false and misleading.

Mr. Eliot is deeply connected to this suit. He has been romantically and professionally involved with Plaintiff at all times material to this case. The two began a romantic relationship in September of 2014 and a professional relationship in January of 2015. (Amended Declaration of Sean K. Conner in Support of Defendants' Motion for Summary Judgment, Exhibit 2, 3:13 – 24, ECF No., 44)). Mr. Eliot had a lawyer client relationship with Plaintiff at the time of or during the pendency of her March 2015 suit which named both Nurture Development, LLC and Pinnacle. (Conner Dec., Exhibit 1, 22:5 – 12 (stating that a lawyer-client relationship was established between Plaintiff and Mr. Eliot in relation to the prior personal injury suit)). Furthermore, Mr. Eliot filed both Plaintiff's bankruptcy in January 2016 and the present suit two months later. (Complaint, ECF No. 1). The former did not reference Nurture Development LLC and Pinnacle while the latter did.

Neither Plaintiff's Declaration, which Mr. Eliot presumably assisted Plaintiff in preparing, nor Plaintiff's Objection reference Mr. Eliot's first-hand knowledge of events or Plaintiff's litigation history with Defendants. Instead, Plaintiff's Objection relies on Plaintiff's obviously false and misleading statements regarding her knowledge of the identity of Defendants Nurture Development, LLC and Pinnacle. With the factual background discussed above in mind – and, particularly given Mr. Eliot's involvement in the March 2015 suit and his subsequent filing of this suit two months after filing the bankruptcy case – there is no plausible explanation for why Mr. Eliot would not have known who Nurture Development, LLC or Pinnacle were in relation to the Ramona. His submission of Plaintiff's Objection and his reliance on Plaintiff's Declaration clearly demonstrates that he and his client are attempting to mislead the Court.

Furthermore, even if the Court were to give Mr. Eliot the benefit of the doubt and refrain from concluding the he, himself, is making misleading or false statements, it is exceedingly

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS — Page 6

SMITH FREED EBERHARD P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, Oregon 97204
P (503) 227-2424
F (503) 227-2535

obvious that Mr. Eliot performed no inquiry to verify the truth of Plaintiff's Declaration. The documentary record is clear that Plaintiff knew of the identity of Defendant Nurture Development LLC and Pinnacle and their relationship to the Ramona no later than March of 2015. She filed suit against those entities and she did so while acting *pro se*. (Conner Dec., Exhibit 8).

Plaintiff, relying on her declaration, argues that because she amended her bankruptcy filings to properly name Defendants Nurture Development, LLC and Pinnacle and that because the bankruptcy was dismissed, there is no longer any "impact" of the omission of those two defendants. However, Plaintiff completely misses the point.

The entire purpose of the judicial estoppel doctrine is to prohibit a litigant from "playing fast and loose with the courts." (*Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). "[I]ts purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." (*Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267, 270 (9th Cir. 2013)).

The false and misleading statements demonstrate Plaintiff's and Mr. Eliot's bad faith in this case and are only further evidence that Plaintiff is trying to "play fast and loose" with the court and damaging the "integrity of the judicial process." Accordingly, the Findings and Recommendations should be adopted as to Defendants Nurture Development, LLC and Pinnacle.

III.    **Claim Preclusion Applies to Plaintiff's First and Tenth Claims.**

Plaintiff contends that the Court's Findings and Recommendations are too sweeping in their application of claim preclusion because Plaintiff "has fair housing reasonable accommodation claims that were not raised in the FED." Plaintiff's argument, however, fails to recognize that the opportunity to raise a claim and present evidence is all that is required for preclusive effect. She had that opportunity and, therefore, her First and Tenth Claims are barred.

Under Oregon law, claim preclusion "prevents parties from litigating more than one action based on the same transaction or series of connected transactions." (*State ex rel. McAmis Indus. of Oregon v. M. Cutter Co.*, 161 Or.App. 631, 637, 984 P.2d 909 (1999), *overruled in part on other*

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND
RECOMMENDATIONS — Page 7

SMITH FREED EBERHARD P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, Oregon 97204
P (503) 227-2424
F (503) 227-2535

*grounds*, 201 Or.App. 31, 51 (2005)). Oregon does not have compulsory counter claims. As a result, claim preclusion does not ordinarily apply when the plaintiff in the second case failed, as a *defendant* in the first case, to raise a counterclaim. (*G.B. v. Morey*, 229 Or.App. at 609; *Lee v. Mitchell*, 152 Or.App. 159, 166, 953 P.2d 414 (1998); *Burlington Northern v. Lester*, 48 Or.App. 579, 583, 617 P.2d 906 (1980)). That rule has two exceptions, one of which directly applies to the facts of this case: if the plaintiff in the second case sought affirmative relief as a defendant in the first case, claim preclusion applies in the same way that it would to a plaintiff filing a claim. (*Conner v. Delon Oldsmobile Co.*, 66 Or.App. 394, 397–98, 674 .P2d 1180 (1984)). This exception applies "when matters pleaded originally as defenses are used subsequently as a basis for affirmative relief." (*G.B. v. Morey*, 229 Or.App. at 609 (2009); *Gwynn v. Wilhelm*, 226 Or. 606, 609, 360 P.2d 312 (1961) (citing *Jarvy v. Mowrey*, 235 Or. 579, 583–84, 385 P.2d 336 (1963), *overruled in part on other grounds by Dean v. Exotic Veneers, Inc.*, 271 Or. 188, 531 P.2d 266)).

Claim preclusion does not require actual litigation of an issue of fact or law. (*Drews v. EBI Cos.*, 310 Or 134, 140, 795 P.2d 531, 535 (1990)). Rather, the "opportunity to litigate is all that is required, whether or not it is used." (*Id.*).

In her Objection, Plaintiff cites to *Schmidt v. Hart*, an Oregon Court of Appeals case, for what she appears to believe is support for her argument that her claims are not precluded. An examination of that case demonstrates that her reliance is misplaced as that case actually supports the **application** of claim preclusion.

*Schmidt* involves an unusual landlord-tenant relationship. In that case, the building at issue was owned by a trust and the plaintiff was a beneficiary of the trust. (237 Or App 412, 416, 241 P3d 329 (2010)). Pursuant to the terms of the trust, the plaintiff was provided the right to rent an apartment in the building at a rent-controlled rate so long as she maintained the apartment as her primary residence. (*Id.* at 415). The trust required that plaintiff sign a rental agreement with these terms as well. (*Id.*). Plaintiff later took a job out of state and, upon learning of the change in circumstances, the trust then filed an FED action to evict plaintiff and regain possession of the

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS — Page 8

apartment. (*Id.* at 416). During the FED, plaintiff contended that she had "a continuing interest under the trust" as the basis for her right to occupy the apartment. (*Id.* at 420). Evidence was presented and the FED court determined that plaintiff had vacated the premises and, therefore, any right to possession she may have had under the trust no longer existed. (*Id.*). It awarded defendant possession.

Thereafter, the plaintiff brought a second suit seeking a determination that the trustee had breached the trust agreement and violated its fiduciary duties in bringing the FED action at all. (*Id.* at 416). The trial court granted defendant's motion for summary judgment on the grounds of claim preclusion. (*Id.* at 417-18). Plaintiff appealed arguing that claim preclusion was not proper because her rights under the trust were not relevant to the FED. (*Id.* at 420). The Oregon Court of Appeals rejected this argument, noting that the plaintiff's position could not be reconciled with her prior position in the FED as, there, she had asserted a continuing interest under the trust as a basis for retaining possession. (*Id.*). It went on to say:

> After a full hearing on that very issue, the FED court concluded that, because plaintiff had vacated the premises and had chosen to no longer live there, any right to possession that she may have had *under the trust* no longer existed. This court upheld that determination. A circuit court's findings in the context of an FED proceeding are entitled to preclusive effect. We conclude, therefore, as did the trial court, that the FED court's findings are entitled to preclusive effect.

(*Id.* at 420 (emphasis in original)(internal citations omitted)).

Here, Plaintiff attempts the same failed tactic. During the FED suit, plaintiff claimed a continued right to retain possession of the premises because of Defendants' alleged fair housing reasonable accommodation violations. She alleged it as an affirmative defense, presented evidence, and conducted cross examination purporting to prove that Defendants had violated her rights. (Am. Decl. of Sean K. Conner in Supp. of Defs.' Mot. Summ. J., Ex. 3, p. 9:24 — p. 10:11; p. 11:1-3; p. 12:21 — p. 13:1. ECF 44). Given that possession was the possession of the premises

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS — Page 9

SMITH FREED EBERHARD P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, Oregon 97204
P (503) 227-2424
F (503) 227-2535

was the issue before the FED court, Plaintiff clearly made this allegation and presented this evidence as a means to retain possession.

Like the plaintiff in *Schmidt*, Plaintiff in this case now argues that her reasonable accommodation defenses were not actually relevant to the FED, in that they were not *necessarily* decided by the FED court. The Oregon Court of Appeals rejected such irreconcilable arguments in *Schmidt* and this Court should do the same. During the FED action, Plaintiff sought to retain possession based upon an allegation the Defendants failed to reasonably accommodate her under applicable fair housing laws. A full and fair hearing occurred on that issue. The FED court rejected the argument. That determination is preclusive as to Plaintiff's First and Tenth Claims.

The simple fact is, Plaintiff was not barred from providing evidence of any of the alleged failures to reasonably accommodate. By raising affirmative defenses under ORS 659A.145(2)(g) and 42 USC § 3604(f)(3)(B), Plaintiff sought affirmative relief in the retention of possession of the apartment. Based on those defenses, she could have presented evidence purporting to show that Defendants failed to provide proper moving services, that Defendants refused to transfer her for over two years, that Defendants failed to reasonably accommodate her in resolving dispute, or that Defendants failed to accommodate her need to feel safe and secure. As stated in Defendants' Motion for Summary Judgment and the supporting documents thereto, each of these facts existed prior to the eviction trial itself. *See* Defs.' Mot. Summ. J. 7 – 16, Feb. 27, 2017, ECF No. 35 (providing facts of the case). That is to say, Plaintiff raised "failure to reasonably accommodate" as a means to retain possession of the apartment and, consequently, had the opportunity to present this evidence during the trial. Whether she did or did not is irrelevant under the law of claim preclusion. What matters is that she raised the defense and had the opportunity to present that evidence. The law is clear: an opportunity is sufficient. Consequently, these claims are precluded.

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS — Page 10

SMITH FREED EBERHARD P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, Oregon 97204
P (503) 227-2424
F (503) 227-2535

## IV.  Plaintiff's Claims Fail Independent of the Claim Preclusion Issue.

Alternatively, even if this Court concludes claim preclusion does not apply, Defendants' are still entitled to judgment as a matter of law. The Court's Findings and Recommendations as to Plaintiff's First and Tenth Claim concerns only the matter of *claim preclusion*. It does not address issue preclusion or the merits of Plaintiff's claims. As stated throughout the pleadings in this case, all of Plaintiff's claims – including the First and Tenth Claim – suffer from a multitude of fatal flaws, each of which is an independent basis upon which the Court should grant summary judgment.

## V.  CONCLUSION

For the reasons discussed above, this Court should adopt the Findings and Recommendations of the Honorable John V. Acosta.

DATED this 17th day of December, 2018.

SMITH FREED EBERHARD P.C.

By: _____

Sean K. Conner, OSB No. 132518
Of Attorneys for Defendants

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND
RECOMMENDATIONS — Page 11

CERTIFICATE OF FILING and SERVICE

I hereby certify that on the 17th day of December 2018, I served a copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO FINDINGS AND RECOMMENDATIONS on:

> Scot J. Eliot
> Community Law Project
> 420 SW Washington St. Suite 400
> Portland, OR 97204
> Email: scot@communitylawproject.org
>      Of Attorneys for Plaintiff

by mailing to the foregoing a true copy thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, with postage thereon fully prepaid.

SMITH FREED & EBERHARD P.C.

By: _____
Ryan J. McLellan, OSB No. 023908
Sean K. Conner, OSB No. 132518
Email:  rmclellan@smithfreed.com
       sconner@smithfreed.com
*Of Attorneys for Defs. American Management Services Northwest, LLC and Nurture 247 Limited Partnership*

Page 1 – CERTIFICATE OF FILING AND SERVICE